# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 1, 2015

## STEVEN TUCKER v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Lauderdale County
### No. 8716     Joe H. Walker, III, Judge

_____

### No. W2015-00241-CCA-R3-PC  -  Filed October 9, 2015

_____

Petitioner, Steven Tucker, was convicted of theft of property valued at $1,000 or more but less than $10,000, a Class D felony, and was sentenced to twelve years as a career offender. *State v. Steven Van Tucker*, No. W2010-01943-CCA-R3-CD, 2012 WL 1478774, at *1 (Tenn. Crim. App. Apr. 25, 2012). This court affirmed his convictions on direct appeal. *Id*. Petitioner subsequently filed a petition for post-conviction relief, and he now appeals the post-conviction court's denial of relief. Petitioner argues that his Fourth Amendment rights were violated when law enforcement entered a home, which did not belong to petitioner, with only an arrest warrant for the petitioner and that his trial counsel was ineffective for failing to challenge the search. Following our thorough review of the record, the parties' briefs, and the applicable law, we dismiss petitioner's appeal as untimely.

## Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ROGER A. PAGE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Billy G. Burk, District Public Defender; and David S. Stockton, Assistant District Public Defender, for the Appellant, Steven Van Tucker.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; D. Michael Dunavant, District Attorney General; and Julie K. Pillow, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

## I. Facts from Trial

The evidence at trial showed that an unoccupied home was burglarized and that the furniture had been removed. *Steven Van Tucker*, 2012 WL 1478774, at *1-2. Police officers contacted two local furniture stores that bought and sold used furniture and found a dining room set at Furniture Unlimited. *Id.* at *1. The store owner then provided law enforcement with the carbon copy of the check made out to petitioner that the owner had used to pay petitioner for the furniture. *Id.* The owner also told law enforcement that petitioner had been driving a black Chevrolet Avalanche. *Id.* This court on direct appeal stated:

> [The investigator] ascertained [petitioner's] address and had a warrant issued for [petitioner's] arrest. He went to the apartment where [petitioner] lived with Aisha Jones, [petitioner's] co-defendant, and spoke to the landlord, Raymond Proctor. Ms. Jones arrived and gave her consent for [the investigator] to search the apartment. When [the investigator] entered the apartment, he observed "a house full of furniture that fit the description of the [missing] furniture . . . .

*Id.* at *1. As a result of this incident, petitioner was convicted of theft of property valued at $1,000 or more but less than $10,000. *Id.* Petitioner subsequently filed a petition for post-conviction relief, and he now appeals the post-conviction court's denial of relief.

## II. Analysis

Petitioner argues that his Fourth Amendment rights were violated when law enforcement entered a home, which did not belong to petitioner, with only an arrest warrant and that his trial counsel was ineffective for failing to challenge the search. The State responds that petitioner has forfeited review of his claims by filing his notice of appeal nearly nine months late. We agree with the State.

Tennessee Rule of Appellate Procedure 4(a) states that a "notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." In this case, the post-conviction court filed its order on April 14, 2014. Therefore, petitioner should have filed his notice of appeal within thirty days of April 14, 2014. However, petitioner filed his notice of appeal on February 9, 2015, nearly nine months late.

Tennessee Rule of Appellate Procedure (4)(a) provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may

be waived in the interest of justice. The appropriate appellate court shall be the court that determines whether such a waiver is in the interest of justice." "'In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting *State v. Markettus L. Broyld,* No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)). However, waiver is not automatic. "If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Id.* (citing *Michelle Pierre Hill v. State,* No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996)). In this case, there is nothing in the record to show that petitioner requested permission to file an untimely appeal or that he provided any explanation for his untimeliness. In fact, petitioner has failed to even acknowledge that his notice of appeal was untimely. Therefore, we conclude that the interests of justice do not necessitate review of petitioner's claims, and we dismiss petitioner's appeal as untimely.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we dismiss petitioner's appeal.

_____
ROGER A. PAGE, JUDGE

-3-